UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILWAUKEE CENTER FOR
INDEPENDENCE, INC.,

    Plaintiff,

v.           Case No.: 2:15-cv-01479-LA

MILWAUKEE HEALTH CARE, LLC
d/b/a Wellspring of Milwaukee, and
WILLIAM NICHOLSON,

    Defendants.

## DEFENDANTS MILWAUKEE HEALTH CARE, LLC AND WILLIAM NICHOLSON'S OBJECTIONS TO PLAINTIFF'S RENEWED MOTION FOR FEES AND COSTS

Defendants Milwaukee Health Care, LLC ("MHC") and William Nicholson ("Nicholson"), by their attorneys, Hansen Reynolds LLC, hereby object to Plaintiff Milwaukee Center For Independence, Inc.'s ("Plaintiff" or "MCFI") Renewed Motion for Fees and Cost for the reasons set forth below.

### INTRODUCTION

This Court previously held that Wis. Stat. § 895.446(3)(b) "does not allow MCFI to recover the attorneys' fees it incurred in litigating its claims against Milwaukee Health Care or William Koski. Nor does it entitle MCFI to the fees it incurred in arguing that Nicholson is personally liable under other legal theories, such as piercing the corporate veil." (ECF Doc. 124.) Although MCFI has apparently gone to some efforts to comply with this ruling, Nicholson and MHC have several objections to the attorney's fees and costs claimed in the Renewed Motion for Fees and Costs. Defendants respectfully request that this court reduce the claimed attorneys' fees to exclude all fees incurred prior to the Second Amended Complaint, reduce any allowable attorneys' fees by 50% to account for the proportion of those fees attributable to litigating the

contractual claims against MHC for which MCFI disclaimed its right to attorney fees, and reduced the attorney fee award for all amounts unsupported by evidence or affidavit.

### A. The Court Should Exclude the Attorney's Fees Incurred Prior to the Second Amended Complaint.

MCFI previously claimed $238,630.00 in attorneys' fees for the time period of November 2015 until November 2017. (ECF 99.) MCFI now claims $215,451.50 in attorneys' fees in its Renewed Motion for Fees and Costs ("Motion"). (ECF 128 and 129.) This number represents a reduction in the November 2015 to November 2017 fees totaling $59,013, but an addition of $35,834.50 in additional claimed fees from January 2018 until April 2018. While this trimming of the claimed attorneys' fees is appreciated, the heavily redacted invoices make it impossible for Nicholson to discern what criteria was applied to make these reductions. While the use of redactions is understandable, neither Nicholson, nor the Court can understand how attorney time was applied without additional information. Accordingly, Nicholson objects to all attorney time prior to the filing of the civil theft claim on August 15, 2016, when MCFI filed a second amended complaint. (ECF 45.) This Court should exclude from any calculation of attorneys' fees the $78,831.50 in claimed fees from November 2015 until July 2016.

### B. The Court Should Exclude the Attorney's Fees Disclaimed by MCFI And Reduce the Award by 50%.

In addition to excluding fees from prior to the Second Amended Complaint, this Court should also apportion attorneys' fees between MCFI's successful claim against MHC and the successful claim against Nicholson personal. MCFI's claim against MHC is purely contractual, and is accordingly within the ambit of the fees that MCFI contractually disclaimed at the time it entered into the contract with MHC. That provision reads:

> **Attorneys' Fees.** In the event either party engages in litigation involving any controversy, dispute, or claim arising out of or in connection with any of the terms or provisions contained in this [Agreement], each party shall be responsible for all of its costs incurred, including attorneys' fees and expenses.

2

(June 11, 2018, Order at 13; Am. and Restd. Agmnt. § 17.)

This Court previously ruled that because Nicholson was not a party to the BIRC agreements, he could not enforce that agreement. However, MHC is a party the BIRC Agreements and can therefore apply the above provision. MCFI expressly agreed to pay its own attorney's fees and expenses incurred in connection with any litigation against MHC involving the BIRC Agreements. MCFI should be held to this bargain, and at least 50% of the attorney fees associated with the contractual claims should be allocated back to MCFI under the terms of the agreement. Reducing the overall attorney fees by 50% in this manner, will effectively solve the problem raised by the Court that "it is not possible or practicable to segregate the fees and expenses in litigating each of them." (ECF 124.)

In *Walters v. Mayo Clinic Health System-Eau Claire Hosp., Inc.*, the court was faced with a similar situation, when an otherwise successful plaintiff sought attorneys' fees related to unsuccessful claims that predated the successful FMLA claim. 91 F. Supp. 3d 1071, 1081 (W.D. Wis. 2015). The Court ultimately reduced that portion of the fee request by 50%. *Id.* at 1083. Here, the decision is even more clear cut because MCFI contractually disclaimed any ability to seek those fees.

Based on MCFI's motion and accompanying invoices, at least 50% of the attorney's fees sought by MCFI are related to its claims against MHC. Those attorney's fees were expressly disclaimed by MCFI, so the amount of attorney's fees awarded to MCFI should be reduced by at least 50%. When deciding issues of attorney's fees, "[t]he court must focus on the overall results obtained to determine whether it should compensate the plaintiff for the hours spent on the related but unsuccessful claims." *Id.* Allowing MCFI to obtain attorney's fees related to its claims against MHC would nullify a valid and enforceable contractual provision between the parties.

**C. The Court Should Exclude Attorneys' Fees Unsupported by Invoices.**

As part of its calculation of fees, MCFI's chart claims that in March 2016, Attorney Trigg billed 33.9 hours, and Paralegal Sasich billed 1.3 hours. (ECF 129 at p. 7.) However, a review of

the March 2016 invoice, attached as Exhibit B, shows that MCFI was only billed for 24.8 hours of Attorney Trigg's time, and none of Ms. Sasich's time. (ECF 129-2, p.22.) In addition, the invoice appears to show that Attorney Trigg's time has been cut down from the 24.8 original hours. (*Id.* at 20-22.) These inaccuracies call into question the calculations contained in the chart that is the basis for MCFI's motion. Because the March 2016 calculation is unsupported, it must be denied and subtracted from any attorney fee award.

## CONCLUSION

For the reasons set forth above, Defendants Milwaukee Health Care, LLC and William Nicholson respectfully requests that the Court reduce any award of attorneys' fees as set forth in this document.

Dated this 13th day of August, 2018        **HANSEN REYNOLDS LLC**

By: s/Andrew J. Kramer
  Andrew J. Kramer, SBN 1055182
  Timothy M. Hansen, SBN 1044430
  301 N. Broadway St., Ste. 400
  Milwaukee, WI 53202
  Phone: 414-455-7676
  Fax: 414-273-8476
  akramer@hansenreynolds.com
  thansen@hansenreynolds.com

*Attorneys for Defendant Milwaukee Health Care, LLC d/b/a Wellspring of Milwaukee and William Nicholson*