UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**MILWAUKEE CENTER FOR**
**INDEPENDENCE, INC.,**
      Plaintiff,

    v.                                                         Case No. 15-C-1479

**MILWAUKEE HEALTH CARE, LLC and**
**WILLIAM NICHOLSON,**
      Defendants.

_____

## DECISION AND ORDER

In a prior order, I granted summary judgment in favor of plaintiff Milwaukee Center for Independence ("MCFI") on its claim for civil theft against defendant William Nicholson. In a subsequent order relating to damages, I concluded that MCFI was entitled to recover the attorneys' fees it reasonably incurred in litigating the civil-theft claim. However, I found that MCFI was not entitled to recover the attorneys' fees it incurred in litigating claims unrelated to the civil-theft claim. On August 3, 2018, MCFI filed a revised fee request. Nicholson has filed objections to the revised request. As discussed below, one of the objections is overruled, but I will schedule a status conference for the purpose of addressing the remaining objections.

I begin with the overruled objection. Nicholson argues that I should reduce MCFI's total permissible fee award by 50%. This argument is based on a clause in the contract between MCFI and defendant Milwaukee Health Care, LLC, that states that each party will be responsible for its own costs and attorneys' fees in any litigation arising out of the contract. (Am. and Restd. Agmnt. § 17.) Nicholson argues that because the civil-theft claim against him overlaps with MCFI's breach-of-contract claim

1

against Milwaukee Health Care, MCFI's total fee award should be reduced by 50%, so that MCFI is "held to [its] bargain." Br. at 3, ECF No. 130. However, MCFI is not seeking any fees at all against Milwaukee Health Care. Rather, it is seeking the fees it incurred in litigating the civil-theft claim against Nicholson, who is not a party to, or a third-party beneficiary of, the contract between MCFI and Milwaukee Health Care. The only reasonable fees that must be excluded from the award against Nicholson are those fees that MCFI incurred in litigating claims that did not depend on the same facts as the civil-theft claim. But as noted, MCFI's breach-of-contract claim against Milwaukee Health Care was based on the same facts as the civil-theft claim. Therefore, MCFI would have reasonably incurred the attorneys' fees it expended in developing those facts even if it had brought only a stand-alone claim for civil-theft against Nicholson. Accordingly, the contract between MCFI and Milwaukee Health Care does not require any reduction to MCFI's fee award.

Nicholson's remaining two objections require further proceedings. First, Nicholson contends that I should exclude from the fee request all fees that were incurred before MCFI filed its second amended complaint on August 15, 2016. It was in that complaint that MCFI first alleged a claim for civil theft against Nicholson. However, it is clear from MCFI's counsel's invoices that much of the discovery relating to both the civil-theft claim against Nicholson and the breach-of-contract claim against Milwaukee Health Care occurred before MCFI filed the second amended complaint. Such discovery included things like the depositions of Nicholson, Ed Tabor, and other witnesses with knowledge of the alleged theft of the BIRC collections, along with written discovery. As discussed above, the attorneys' fees incurred in connection with this discovery is properly included in MCFI's fee award against Nicholson, as they were

2

incurred in the course of developing the facts underlying the civil-theft claim. Thus, I reject Nicholson's request to exclude all fees that MCFI incurred before it filed the second amended complaint.

Still, Nicholson correctly points out that MCFI's counsel's invoices are heavily redacted, which prevents Nicholson from confirming that MCFI excluded all fees that were incurred in connection with claims unrelated to the civil-theft claim. I have reviewed the invoices, and it appears that most of the charges that remain in the fee request relate to discovery on the basic facts underlying both the breach-of-contract claim and the civil-theft claim and thus are properly included in the fee request. But there are some charges for which the redacted description of the services rendered does not provide any meaningful information. For example, on December 22, 2015, MCFI's attorneys billed $2,407.50. With redactions, the description of the services rendered is just "legal research regarding," "prepare correspondence regarding," and "continue work on." (Invoices at p. 7 of 78, ECF No 129-2.) Based on these descriptions, neither Nicholson nor the court can determine whether the charges were incurred in connection with the civil-theft claim. Further proceedings are needed to clarify these charges.

Nicholson's remaining objection points out that there is a discrepancy between MCFI's fee request for March 2016 and the supporting invoice for that month. Again, further proceedings are needed to resolve this discrepancy.

To resolve these matters, I suggest that the parties meet and confer. Perhaps MCFI's counsel can provide Nicholson's counsel with additional information about the redacted fee descriptions and convince Nicholson that the fees were incurred in connection with the civil-theft claim. And perhaps MCFI's counsel can resolve the

discrepancy relating to the March 2016 invoice. I will set this matter for a further status conference in a few weeks. If the parties have not resolved these issues by then, I will attempt to resolve them at the conference.

Finally, I note that, before I can enter final judgment, the parties must decide what to do with Milwaukee Health Care's remaining counterclaim. When I last talked to the attorneys, Milwaukee Health Care indicated that it might drop the counterclaim in light of the insubstantial amount at stake. The parties should be prepared to address this issue at the upcoming status conference.

For the reasons stated, **IT IS ORDERED** that Nicholson's second objection to MCFI's fee request is **OVERRULED**.

**IT IS FURTHER ORDERED** that a telephonic status conference will be held on **September 10, 2018, at 11:00 a.m.** for the purpose of resolving Nicholson's remaining objections and determining the status of Milwaukee Health Care's counterclaim. The court will initiate the call. Counsel must call the court prior to the call at 414-297-1285 to provide contact information.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2018.

                    s/ Lynn Adelman
                    LYNN ADELMAN
                    District Judge