**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

_____

**MILWAUKEE CENTER FOR
INDEPENDENCE, INC.,**
      Plaintiff,

    v.                                                  Case No. 15-C-1479

**MILWAUKEE HEALTH CARE, LLC and
WILLIAM NICHOLSON,**
      Defendants.

_____

## DECISION AND ORDER

Plaintiff Milwaukee Center for Independence, Inc. ("MCFI"), brought this action for breach of contract and conversion/civil theft against defendants Milwaukee Health Care, LLC, and William Nicholson. In prior decisions, I granted summary judgment to MCFI on certain claims and issues. A final judgment was entered on September 18, 2018. On October 16, 2018, the defendants filed a notice of appeal. Before me now are two post-judgment motions. In the first, the plaintiff moves, under 28 U.S.C. § 1963, for permission to register its judgment in other districts. In the second, the defendants move to supplement the record on appeal.

**A.    Motion to Permit Registration**

Under 28 U.S.C. § 1963, a judgment may be registered in another district when the judgment has become final by appeal or the expiration of the time to appeal. In the present case, an appeal is pending, and therefore this provision of § 1963 does not permit registration. However, § 1963 also provides that a judgment may be registered in another district when, for good cause shown, the court so orders. The plaintiff in its

1

motion argues that good cause exists for permitting immediate registration in this case, even though the judgment is the subject of an appeal.

The judgment at issue applies to both defendants. However, only Nicholson has responded to the plaintiff's motion to permit registration. His response, in its entirety, reads as follows: "Nicholson is preparing and intends to file shortly a motion to stay execution of the judgment. Because a stay of execution would moot MCFI's motion to permit registration, Nicholson respectfully requests that the Court postpone consideration of MCFI's motion until after the Court has ruled on the forthcoming motion to stay execution." ECF No. 148.

Nicholson filed his response on November 29, 2018. To date, he has not filed a motion to stay execution. I thus assume that he has abandoned his intent to do so. Moreover, because neither Milwaukee Health Care nor Nicholson filed a substantive response to the motion to permit registration within the time allowed by the local rules, I will treat the motion as unopposed and will grant it for that reason. *See* Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion.").

**B. Motion to Supplement the Record**

The defendants move to supplement the record under Federal Rule of Appellate Procedure 10(e)(2)(B). This rule allows a district court to correct or supplement the record on appeal when "anything material to either party is omitted from or misstated in the record by error or accident." The purpose of the rule is "to ensure that the record reflects what really happened in the district court." *Gallo v. Mayo Clinic Health System-Franciscan Medical Center, Inc.*, 907 F.3d 961, 964 (7th Cir. 2018) (quoting *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005)). The rule does not "enable the

2

losing party to add new material to the record in order to collaterally attack the trial court's judgment." *Id.* at 964–65.

The defendants seek to supplement the record in two ways. First, they seek to replace two "borrowing base certificates" that already appear in the record with copies that they contend are more legible. Second, they seek to supplement the record with two "control agreements" that were never part of the district-court record.

I begin with the borrowing base certificates. The illegible copies of these certificates appear in the record as part of an exhibit to a deposition. *See* ECF No. 70-23 at pp. 23–24. The defendants contend that a "scanning error" resulted in the documents being submitted in an illegible form. Mot. to Supp. ¶ 9. However, it was not the defendants who filed these documents in an illegible form. The plaintiff filed them. And the plaintiff does not contend that it made an error in submitting illegible copies of these documents. Instead, the plaintiff notes that the certificates were part of a larger exhibit that was discussed during a deposition, and that it was the first few pages of the exhibit—not the certificates—that were relevant to the point the plaintiff was making. Br. in Opp. at 4–5, ECF No. 151. Therefore, the plaintiff implies, it had no reason to submit legible copies of these documents.

The plaintiff also disputes that the defendants' legible documents are authentic copies of the same documents the plaintiff submitted. The plaintiff notes that the illegible copies were unsigned, while the legible copies are signed. The defendants have attached documents to their reply brief and represent that they are legible copies of the unsigned certificates.

I will assume that the parties' dispute over the authenticity of the legible documents could be resolved. However, I will still deny the defendants' request to add

3

the legible copies to the appellate record. As noted, the purpose of having the district court consider a Rule 10(e)(2) motion is to allow that court to ensure that the record on appeal reflects what actually happened in the district court. In the district court, only illegible copies of the certificates were submitted. Thus, no error or accident has caused the record on appeal to differ from the record in the district court.

Turning to the control agreements, I reach the same result. The control agreements were never part of the record in the district court. Although I did refer to a "control agreement" several times in my decision on the parties' motions for summary judgment, I never actually construed or interpreted (or otherwise considered) any actual control agreement. Instead, my discussion of the control agreement was based on (1) provisions in the contracts between the plaintiff and Milwaukee Health Care that referred to the control agreement, and (2) other evidence in the record that described the effect of the control agreement on the funds at issue in this case (which were known as the "BIRC Collections"). *See* Traumatic Brain Injury Services Agreements § 8(c); Nicholson Statement of Undisputed Facts ¶ 104, ECF No. 62; Dep. of Leslie Hargis 50:19–52:10, ECF No. 63-4; Resp. to Pl. Proposed Findings of Fact ¶¶ 49–50, ECF No. 74. Thus, the omission of the control agreements from the appellate record is not the result of any error or accident. It is the result of their not having been submitted to, or considered by, the court prior to entry of final judgment. In short, the appellate record, as it stands, correctly reflects the record as it existed in the district court.

The defendants note that the court of appeals will sometimes make exceptions to Rule 10(e) and allow the record on appeal to be supplemented with materials that were not part of the district-court record. *See United States v. Miller*, 832 F.3d 703, 704 (7th Cir. 2016); *Brown v. Watters*, 599 F.3d 602, 604 n.1 (7th Cir. 2010). They then ask me

to allow supplementation under the authority of these cases. But I do not understand these cases to hold that the *district court* has authority to make exceptions to Rule 10(e). Rather, in each case, it was the *court of appeals* that decided to make an exception, and an influential commentator has noted that this seems to be an exercise of the court of appeals' inherent power. 16A Charles Alan Wright, et al., *Federal Practice & Procedure* § 3956.4 (4th ed. Westlaw 2018) ("In special circumstances, a court of appeals may supplement the record to add material not presented to the district court, though this is rare enough that many of the decisions noting the court's power to do so go on to say that the power will not be exercised under the circumstances of the case. Because Rule 10 does not in terms provide for such supplementation, some courts state that it constitutes an exercise of inherent power." (footnote omitted)). Moreover, as noted above, the district court's role under Rule 10(c) is to ensure that the record accurately reflects what happened in the district court. Here, I performed that role by noting that neither the legible certificates nor the actual control agreements were presented to the district court prior to entry of final judgment. Whether the record should be supplemented to include these other materials that were not presented to the district court is something for the court of appeals to decide.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to permit registration is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to supplement the record is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2019.

                                        s/Lynn Adelman
                                        LYNN ADELMAN
                                        District Judge